# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RANDY PRIMM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV482 JCH |
| | ) | |
| MISSOURI DEPARTMENT OF CORRECTIONS, | ) ) | |
| | ) | |
| Defendants. | ) | |

## **AMENDED MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which

relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff, a former inmate of Farmington Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: the Missouri Department of Corrections; Unknown Pernaud (dentist); Robert Burden (correctional officer)[1]; Thomas Finely (Director, Dental Services); Lois

---

[1]Throughout his complaint, plaintiff also refers to defendant Burden as "Robert Burgess." The Court is unsure of the proper spelling of defendant's name, but from the context of plaintiff's allegations, the Court believes defendant Burden and defendant Burgess to be one and the same. For ease of reference, the Court will refer to this defendant as Robert Burden, as this is how he was identified in the

Cella (Health Services Administrator); and John Does 1-10. Also named as defendants, but not noted on the Court's docket, are: Governor Matt Blunt; Steve Long (Director of Missouri Department of Corrections); Allen Leubbers (Superintendent of Farmington Correctional Center); Joe Sampson (Deputy Superintendent); and Correctional Medical Services ("CMS").

Plaintiff alleges that in August of 2007 he was transported by defendant Burden to a dental outpatient clinic at Jefferson Hospital where defendant Pernaud performed oral surgery on him to remove four wisdom teeth. Plaintiff alleges that he sustained "several deep lacerations and cuts to his inner cheeks and gums, brought about primarily ... by the gross negligence and unprofessional conduct of defendant Pernaud."

Plaintiff alleges that after the oral surgery, and while he was still "bleeding profusely," he was transported back to the prison by defendant Burden, who did not provide him with a receptacle to spit blood into. Rather, defendant Burden allegedly told plaintiff not to get blood in his van, causing plaintiff to "swallow copious amounts of his own blood" and to vomit and cause further injury to his teeth and gums.

Plaintiff claims that after the oral surgery he sought from defendants Finely and Cella a liquid diet but that despite being unable to "open his mouth, chew or otherwise normally ingest solid foods" defendants Finely and Cella denied his request. Plaintiff

caption of plaintiff's complaint.

also alleges that defendants Finely and Cella failed to provide him with "other emergency medical assistance" during his recovery period.

## Discussion

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Blunt, Long, Leubbers or Sampson were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted against these defendants.

The complaint also fails to state a claim against the Missouri Department of Corrections ("MDOC") or Correctional Medical Services ("CMS"), as he has not alleged that a policy or custom was responsible for his purported injuries. See, e.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power is not "person" subject to § 1983 suit);

Sanders v. Sears Roebuck & Co., 984 F.2d 972, 95-76 (8th Cir. 1993) (in order to state a claim against defendant CMS, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury)

Similarly, by plaintiff's own allegations, he cannot set forth a claim for deliberate indifference against defendant Pernaud as he asserts that defendants Pernaud's actions were "grossly negligent." To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. Accordingly, plaintiff has failed to state a claim for deliberate indifference as to defendant Pernaud.

The Court will order the Clerk of Court to issue process on plaintiff's remaining allegations of deliberate indifference to his serious medical needs as they relate to defendants Burden, Cella and Finely, as these allegations survive initial review.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Burden, Cella and Finely.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Burden, Cella and Finely shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Pernaud, Blunt, Long, Leubbers, Sampson, the Missouri Department of Corrections and/or Correctional Medical Services because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 10th Day of June, 2008.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE