UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RANDY PRIMM, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:08CV482 JCH |
| ) | |
| ROBERT BURDEN, et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Robert Burden's Motion for Summary Judgment, filed January 22, 2009. (Doc. No. 27). Plaintiff has not responded to the motion.

**BACKGROUND**

At all times relevant hereto, Plaintiff Randy Primm ("Primm") was an inmate at the Farmington Correctional Center ("FCC") in Farmington, Missouri. (Defendant's Statement of Uncontroverted Material Facts ("Defendant's Facts"), ¶ 1).[1] Defendant Robert Burden ("Burden") was a Corrections Officer at FCC. (Id., ¶ 3).

On August 21, 2007, Primm had four impacted teeth surgically removed by oral surgeon Dr. Gregory Pernoud. (Defendant's Facts, ¶¶ 4, 6). Burden was one of the officers who transported Primm and another inmate to and from Dr. Pernoud's clinic. (Id., ¶ 5). Following the surgery Dr. Pernoud noted the teeth had deep roots, which made the extractions difficult, but that there were no complications with the procedure and follow-up care would be routine. (Id., ¶ 7, citing Defendant's Exh. D-3, PP. 1-2). Primm received post-operative instructions indicating he was not to expectorate, as it would promote bleeding. (Id., ¶ 8, citing Defendant's Exh. D-3, P. 8).

---

[1] Primm was released from the Missouri Department of Corrections on parole on April 10, 2008. (Defendant's Facts, ¶ 2).

When he arrived back at FCC, Primm was examined by Dr. Thomas Finley, a licensed dentist working at FCC. (Defendant's Facts, ¶ 9, citing Defendant's Exh. D-3, PP. 4-5). Primm's medical records from the days following the surgery do not reflect complaints of vomiting or excessive bleeding. (Id., ¶ 10, citing Defendant's Exhs. D-3 to D-7).

On or about August 30, 2007, Primm submitted an Informal Resolution Request ("IRR"), complaining that Defendant Burden[2] forced him to swallow the blood in his mouth after his surgery. (Defendant's Exh. B, P. 14). On September 4, 2007, Burden responded internally to Primm's IRR in relevant part as follows:

> Myself and CO-I Webb were the officers assigned to this [outcount]. I did not tell this inmate to swallow blood at any time! I do recall repeating to him what the medical staff at Dr. Pernoud's office told him and that was that he was not supposed to spit and that if he was biting down on the gauze then anything in his mouth was saliva and he could swallow it.

(Id., P. 15). The official response to Primm's IRR, dated September 6, 2007, stated as follows:

> Nature of Complaint:
> I'm in receipt of your IRR and understand your complaint to be that COI Burden took you on outcount to the dentist where you had your wisdom teeth removed. You state that COI Burden made you swallow blood that was in your mouth and you would like for offenders to be given cups to spit in.
>
> Findings:
> I've reviewed the IRR and corresponded with COI Burden. Officer Burden stated that he did not tell you to swallow blood at any time. He stated that he only repeated the instructions the medical staff had given you at Dr. Pernoud's office. Which were that you were not supposed to spit and if you were biting down on the gauze then anything in your mouth would be saliva and that you were allowed to swallow that.
>
> Recommendation:
> None: IRR Denied. The officer was only reiterating the instructions you were given at the Doctor's office.

(Id., P. 13).

---

[2] In his IRR, Primm refers to Defendant Burden as "C.O. Burgess."

- 2 -

On or about September 19, 2007, Primm submitted an Offender Grievance related to his allegedly unresolved IRR, as follows:

> After my surgery while leaving the hospital Inmate Perry Mullin and myself Randy Primm were told don't get any of that blood in the state van. Swallow it if you have to. This was said by COI Burden. Inmate Perry Mullin will verify this. And I have another witness that just got all his teeth cut out. Said he was told basically the same thing. I was given a small trash bucket to spit and throw up in before we left the hospital. Then they put more gauze in. My bottom gums did not receive stitches and were bleeding severely.

(Defendant's Exh. B, P. 21). The superintendent response to Primm's Offender Grievance stated as follows:

> Your grievance regarding your contention that you were told by CO Burdess (FCC CO I Robert Burden) not to get any blood on the state van (during the return trip from a medical outcout) and to swallow it if you have to and your original remedy of giving inmates a cup to spit in has been reviewed.
>
> Information received concerning the above subject indicates the following: This complaint appears to have been adequately addressed in the Informal Resolution Request response to this grievance. As stated in that IRR response, CO Burden denied telling you to swallow blood at any time. He further stated that he just repeated the information that Medical staff at Dr. Pernoud's office had told you. This information also included that you were not supposed to spit and if you were biting down on the gauze, anything in your mouth was saliva and that you could swallow it.
>
> It appears that you had been given instructions by Medical staff about what to do about any liquid in your mouth. CO Burden merely reiterated those instructions. You are advised to comply with all instructions given to you by Medical professionals and if you have questions or do not understand, ask for clarification from them. No further action is recommended pertaining to this grievance.

(Id., P. 11). On or about November 8, 2007, Primm filed an Offender Grievance Appeal. (Id., P. 9). On November 26, 2007, the Missouri Deputy Division Director for the Division of Adult Institutions responded to Primm's Offender Grievance, as follows:

> I am in receipt of your appeal dated 11-8-07, regarding your complaint about being forced to swallow your blood. You contend you had oral surgery on 8-21-07. You claim COI Burden told you not to get any blood on the van

>   after your surgery and you were forced to swallow your blood. You request to be paid for your suffering.
>
>   Your complaint and pertinent information have been reviewed. Staff has denied your allegations and states they only repeated the instructions given to you by the dentist. There is no evidence and you have failed to provide any evidence to support your complaint. Per D5-3.2, Offender Grievance, punitive or consequential damages will not be provided.
>
>   Appeal denied.

(Id., P. 8).

In the instant Complaint, filed April 9, 2008, and brought pursuant to 42 U.S.C. § 1983, Primm alleges Defendant Burden violated his constitutional rights by demonstrating deliberate indifference to his serious medical needs. (Doc. No. 1). Specifically, Primm maintains Burden refused to provide Primm a receptacle in which to expectorate, thus forcing Primm to ingest copious amounts of his own blood during the return transport from the surgery center to FCC. (Id., PP. 12-13). As stated above, Burden filed the instant Motion for Summary Judgment on January 22, 2009. (Doc. No. 27).

## **SUMMARY JUDGMENT STANDARD**

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion.

Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

## **DISCUSSION**

### **I.    Primm's § 1983 Claim**

As stated above, Primm's § 1983 claim against Burden is based on his refusal to provide Primm a receptacle in which to expectorate during the return transport from the surgery center to FCC. (Compl., PP. 12-13). The Eighth Circuit has held that, "[t]he Eighth Amendment requires prison officials to provide humane conditions of confinement, and [o]ne condition of confinement is the medical attention given to a prisoner." Aswegan v. Henry, 49 F.3d 461, 463-64 (8th Cir. 1995) (internal quotations and citations omitted). "To succeed on a claim of deprivation of medical care in violation of the Eighth Amendment, plaintiff must prove that defendants were deliberately indifferent to his serious medical needs." Moots v. Lombardi, 2005 WL 4541944 at *5 (E.D. Mo. Feb. 10, 2005), citing Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997).

> There is both an objective and subjective component to a claim of deliberate indifference. A plaintiff must demonstrate (1) that [he] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.

Tlamka v. Serrell, 244 F.3d 628, 633 (8th Cir. 2001) (internal quotations and citation omitted). A

prison official acts with the requisite deliberate indifference when that official, "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994).

Upon consideration, the Court finds that assuming, arguendo, Primm has established the existence of a serious medical need, he cannot show Burden exhibited deliberate indifference to that need. Rather, it is undisputed that according to Primm's post-operative instructions, he was not supposed to spit after his surgery, as it could cause further bleeding. (Defendant's Facts, ¶ 8, citing Defendant's Exh. D-3, P. 8). In his response to Primm's initial IRR, Burden stated that in instructing Primm not to expectorate, he was merely repeating the directions of the medical staff at Dr. Pernoud's office. (Defendant's Exh. B, P. 15). Primm offers no rebuttal to this assertion, and thus the Court finds he fails to establish Burden demonstrated deliberate indifference to his alleged serious medical need. Burden's Motion for Summary Judgment on Primm's § 1983 claim must therefore be granted.

## II.     **Primm's Supplemental State Law Claims**

28 U.S.C. § 1367 provides in relevant part as follows:

(a)  Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution....

(c)  The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–....

(3)  the district court has dismissed all claims over which it has original jurisdiction;....

28 U.S.C. § 1367(a) & (c).

The Eighth Circuit has held that district courts have "broad discretion" in deciding whether to exercise pendent jurisdiction over state law claims. <u>Willman v. Heartland Hospital East</u>, 34 F.3d 605, 613 (8th Cir. 1994), <u>cert. denied</u>, 514 U.S. 1018 (1995); <u>see also</u> <u>Innovative Home Health Care, Inc. v. P.T.-O.T. Assoc. of the Black Hills</u>, 141 F.3d 1284, 1287-88 (8th Cir. 1998). Upon consideration, this Court will now exercise its discretion under 28 U.S.C. § 1367(c), and dismiss the remainder of the claims in Primm's Complaint without prejudice.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Burden's Motion for Summary Judgment (Doc. No. 27) is **GRANTED** in part, and Plaintiff's § 1983 claim against Defendant Burden is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's state-law claims are **DISMISSED** without prejudice.

An appropriate Judgment will accompany this Memorandum and Order.

Dated this 6th day of April, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE